United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN DE TAGLE,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>Defendant. | Case No.  23-cv-05137-SVK<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND UNDER 28 U.S.C. § 1915(e)**<br><br>Re: Dkt. Nos. 1, 2 |

Before the Court is Plaintiff Austin de Tagle's application to proceed *in forma pauperis*. Dkt. 2 (the "Application").  Neither Party has consented to the jurisdiction of a magistrate judge. As discussed below, the Court **GRANTS** the Application.  Because the Court grants the Application, it screens Plaintiff's complaint under 28 U.S.C. Section 1915(e).  *See* Dkt. 1 (the "Complaint").  For the reasons discussed below, the Court **ORDERS** the Clerk to reassign this case to a District Judge and **RECOMMENDS** that the District Judge **DISMISS** the Complaint **WITHOUT LEAVE TO AMEND**.

///

///

///

///

///

///

///

United States District Court
Northern District of California

## I.    THE APPLICATION

Under 28 U.S.C. Section 1915, the Court may authorize a plaintiff to commence an action without paying the necessary filing fees if it believes the plaintiff cannot afford to pay such fees. *See* 28 U.S.C. § 1915(a)(1).  After evaluating Plaintiff's Application, the Court finds that Plaintiff meets the financial eligibility requirements of 28 U.S.C. Section 1915.

## II.    SCREENING COMPLAINT UNDER 28 U.S.C. § 1915(e)

Because the Court grants the Application, it now screens Plaintiff's Complaint to determine whether Section 1915 mandates dismissal.

### A.    Background

Plaintiff sues Defendant Superior Court of California for alleged violations of law committed by the state-court judge presiding over proceedings concerning the custody of Plaintiff's two children.  *See, e.g.*, Complaint at 10 ("[The judge] ignored my request for an attorney and . . . took my parental rights away.  I was given every other weekend . . . ."), 28 ("[D]ue to [the] Judge . . . my life has been destroyed all for seeking justice and help for my children. . . .  [H]e must be brought to justice for all these law violations.").  He appears to assert 70 causes of action arising under the United States Constitution, state common law and various statutes, and he seeks to recover $300 million in damages.  *See id.* at 10 (listing six "laws [that] have been broken"), 24-28 (listing 64 "constitutional tort violations and civil rights violations" and "asking for $300,000,000.00 in Constitutional Punitive damages").

### B.    Legal Standard

District courts must screen civil actions filed *in forma pauperis* to ensure that a complaint states a claim upon which relief may be granted, is not frivolous and does not seek monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  "Once a court has sufficient information to make a determination on immunity, [Section 1915] mandates dismissal—even if dismissal comes before the defendants are served."  *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (citation omitted).  In performing this analysis, courts must construe *pro se* pleadings liberally.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

United States District Court
Northern District of California

### C.    Discussion

The Court recommends dismissal of Plaintiff's Complaint because Defendant is subject to immunity from suit.  Specifically, under the Eleventh Amendment to the United States Constitution, "[s]tates are protected . . . from suits brought by citizens in federal court."  *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001) (citations omitted).  This immunity applies to the state courts of California.  *See, e.g.*, *Kim v. Super. Ct. of Cal.*, No. 21-55603, 2022 WL 2339916, at *1 (9th Cir. 2022) ("The district court properly dismissed Kim's action because defendant [Superior Court of California] is entitled to Eleventh Amendment immunity." (citations omitted); *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment." (citations omitted)).

To be sure, a state "may choose to waive its immunity in federal court at is pleasure," but a state's "consent to suit must be 'unequivocally expressed' in the text of the relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (citations omitted).  Here, none of the statutes under which Plaintiff brings his claims contain such unequivocal waivers of immunity.  *See* Complaint at 10, 24-28.

Liberally construing the Complaint, as the Court must do (*see Watison*, 668 F.3d at 1112), the Court observes that Plaintiff's dispute with Defendant stems entirely from the actions of a state-court judge.  *See* Section II.A., *supra*.  But even were Plaintiff or the Court to recast the Complaint as asserting claims against that judge (whom Plaintiff does not name as a defendant), immunity would still bar Plaintiff's claims.  *See, e.g.*, *Simmons*, 318 F.3d at 1161 ("Plaintiff cannot state a claim under § 1983 against the [state-court] judge who entered the default, because the judge is absolutely immune for judicial acts." (citation omitted)); *Plasola v. California*, 848 F. App'x 729, 729 (9th Cir. 2021) (district court properly dismissed claims against judges stemming from their judicial acts in state-court divorce proceedings, because "these defendants are entitled to judicial immunity").

Because Defendant and the non-party state-court judge whose actions form the basis for this dispute are both subject to immunity from Plaintiff's claims, the Court concludes that

United States District Court
Northern District of California

amending the Complaint would be futile. *See, e.g., Bellegante v. Sylva*, No. 98-16348, 1999 WL 376091 (Table), at *1 n.4 (9th Cir. May 18, 1999) (district judge properly denied leave to amend complaint where amendment "would have been futile as both [state-court judges] are immune"); *Gallagher v. Univ. of Cal., Hastings Coll. of the L.*, No. 01-cv-01277-PJH, 2001 WL 1006809, at *4 (N.D. Cal. Aug. 16, 2001) ("The dismissal is without leave to amend because an amendment would be futile in view of the court's finding that the defendants enjoy sovereign immunity." (citations omitted)).

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Application, **ORDERS** the Clerk to reassign this case to a District Judge and **RECOMMENDS** that the District Judge **DISMISS** the Complaint **WITHOUT LEAVE TO AMEND**. Either Party may object to this recommendation within 14 days. *See* Fed. R. Civ. P. 72(b). Failure to timely object will waive any opposition to this recommendation.

The Court encourages Plaintiff to seek out the assistance of the Federal Pro Se Program, which offers free legal information for *pro se* litigants. While the program does not provide legal representation, a licensed attorney may assist Plaintiff with aspects of the case. The Program's phone number is (408) 297-1480. More information about the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

Plaintiff may also wish to consult a manual adopted by the Court to assist *pro se* litigants in presenting their case. An online version of the manual, as well as other free information for *pro se* litigants, is available on the Court's website at https://cand.uscourts.gov/pro-se.

**SO ORDERED.**

Dated: October 20, 2023

SUSAN VAN KEULEN
United States Magistrate Judge